1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          SOUTHERN DISTRICT OF CALIFORNIA
9
10   ERIC P. MCDANIEL,                          Case No.:  3:22-CV-00517-DMS-KSC
11                            Plaintiff,
                                                **ORDER GRANTING MOTION FOR**
12   v.                                         **LEAVE TO FILE A SECOND**
                                                **AMENDED COMPLAINT AND**
13   FORD MOTOR COMPANY et al.,                 **GRANTING MOTION TO REMAND**
14                            Defendants.
15
16

17          Before the Court is Plaintiff Eric P. McDaniel's combined motion for leave to file a

18   second amended complaint and motion to remand.  The matter is fully briefed and ripe for

19   adjudication.  For the reasons set out below, the Court grants the combined motion.

                                          **I.**

                                   **BACKGROUND**

22          This case arises under California's Lemon Law, the Song-Beverly Consumer

23   Warranty Act.  Cal. Civ. Code §§ 1790 et seq.  Plaintiff Eric P. McDaniel ("Plaintiff")

24   purchased a 2021 Ford F150 in December 2021 and received an express written warranty

25   from Defendant Ford Motor Company ("Defendant").  (ECF No. 11-1 at 7.)  Plaintiff

26   alleges the vehicle contained or developed defects related to its lighting and electrical

27   systems, and engine.  (*Id.* at 7–8.)  He states Defendant failed to service, repair, or replace

28   the vehicle or make restitution to Plaintiff.  (*Id.* at 8.)  Plaintiff filed his complaint in

Superior Court on March 8, 2022. (*Id.*) Defendant answered on April 12, 2022, and filed a notice of removal on April 14, 2022. (*Id.*) Plaintiff filed a federal first amended complaint on April 28, 2022, mistakenly adding as a defendant the dealership (Penske Ford) which sold Plaintiff the Ford vehicle, rather than the entity that attempted to repair the Ford vehicle. (ECF No. 7.) That seller defendant was soon voluntarily dismissed. (ECF No. 9.)

Plaintiff now seeks leave to amend to add the proper dealership, Desert Auto Group LLC ("Desert Auto"), as a defendant for a negligent repair claim. (ECF No. 11-1.) Adding Desert Auto would destroy complete diversity, thus requiring remand. Plaintiff alleges Desert Auto, which attempted repairs on the Ford vehicle, owed a duty of ordinary care to Plaintiff, which it breached by failing to properly store, prepare, diagnose, and repair the Ford vehicle. (ECF No. 11-8 at 10.) Defendant argues this is a sham defendant, added solely for the purposes of destroying diversity and thus allowing Plaintiff to seek remand to state court. (ECF No. 18.) Plaintiff filed the instant motion on May 17, 2022 (ECF No. 11), Defendant responded on June 10, 2022 (ECF No. 18), and Plaintiff replied on June 17, 2022. (ECF No. 19.) The Court vacated the hearing on this matter, finding it suitable for decision on the papers pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 20.)

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotations omitted). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit, based on a federal question or diversity of citizenship of the parties and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a), 1331, 1332(a). An action may be removed based on diversity only where there is complete diversity between the parties. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

This court joins "the majority of district courts in the Ninth Circuit in choosing to analyze joinder or amendment of claims to add a non-diverse defendant under [28 U.S.C.] § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard." *Reyes v. FCA US LLC*, No. 20-CV-833-DAD, 2020 WL 7224286, at *3 n.1 (E.D. Cal. Dec. 8, 2020) (quotation omitted); *see also Vega v. Am. Ins. Co.*, No. 20-CV-10631-FMO, 2021 WL 2665718, at *1 (C.D. Cal. June 29, 2021) ("[F]ederal courts have concluded that when an amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court; such an amendment must instead be analyzed pursuant to § 1447(e).") (quotation omitted) (collecting cases).

Section 1447(e) provides that, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive terms[,]" and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court[.]" *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Whether to deny or permit joinder under § 1447(e) is assessed using the following factors:

> (1) whether the new defendant should be joined under [Federal Rule of Civil Procedure] 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendant in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Vega*, 2021 WL 2665718, at *1 (internal citation omitted). "A court's decision under §

1447(e) is reviewed for abuse of discretion." *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 2:16-cv-00949-CAS, 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016).

## III.

## DISCUSSION

### A. Extent to which Desert Auto is Needed for Just Adjudication

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the granting of complete relief, impede a party's ability to protect its interests, or risk inconsistent outcomes for different parties.  Fed. R. Civ. P. 19(a).  "Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), amendment under Section 1447(e) is a less restrictive standard" and "'is met when failure to join will lead to separate and redundant actions.'"  *Reyes*, 2020 WL 7224286, at *4 (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)).

Other courts have found claims against a repairing entity "directly related" to a Beverly-Song action.  *See Forward-Rossi*, 2016 WL 3396925, at *3. Here, Plaintiff's claims against Desert Auto and Ford involve the same vehicle, the same alleged defects, and the same unsuccessful attempts to repair.  The evidence and witnesses required to adjudicate the claims will likely be the same and would thus result in a redundant separate action against Desert Auto if it is not joined in the instant case.  Indeed, "Where, as here, the breach of warranty claims against the manufacturer and dealership arise from the same vehicle and alleged defects, California district courts have held that the dealership is 'necessary for just adjudication' of the claims and thus was properly joined." *Torres v. Ford Motor Co.*, 2018 WL 4182487, at *2 (C.D. Cal. Aug. 30, 2018) (citations omitted).  Thus, this factor weighs in favor of amendment to join Desert Auto.

### B. Statute of Limitations as to Desert Auto

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand."  *Dordoni v. FCA*

4

*US LLC*, No. 20-cv-1475-JGB, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020) (internal citations omitted).

Plaintiff's state law negligent repair claim is subject to a three-year statute of limitations. *See Malijen v. Ford Motor Co.*, No. 20-cv-1217-JGB, 2020 WL 5934298, at *3 (citing, inter alia, Cal. Code Civ. Proc. § 338(c)(1)). As Plaintiff "filed his [instant] complaint well within a year of his last repair visit[,]" the statute of limitations would not preclude a separate action against Desert Auto. (ECF No. 11-1 at 12.) As Plaintiff would not be time-barred from filing an action against Desert Auto in state court, this factor weighs against joinder. *See id.* ("[b]ecause Plaintiff would not be time-barred from filing a new action in state court, the second factor does not support joinder.").

**C. Timeliness of Joinder**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Id.* (quoting *Clinco v. Robe*rts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)). Here, there has not been an unexplained delay in requesting joinder, as Plaintiff filed his first amended complaint two weeks after the notice of removal, and then quickly moved to replace the improper dealer defendant with Desert Auto. (*See* ECF Nos. 7, 11.)

Defendant avers the request for joinder is not timely because "Plaintiff was aware of Desert Auto's potential liability in the matter and chose to join Desert Auto only after Ford removed the matter." (ECF No. 18 at 11.) "However, Plaintiff's awareness is offset by the short amount of the time at issue and the lack of any court proceedings or filings prior to amendment." *Viveros v. Ford Motor Co.*, No. 21-CV-527 TWR (BGS), 2021 WL 5989365, at *5 (S.D. Cal. July 28, 2021). Indeed, "this action is still in its nascent stages: the parties have not propounded any discovery or appeared for any court proceedings." (ECF No. 11-1 at 12.) Other district courts in this Circuit have found amendments made even later than in this case to be timely. *See, e.g.*, *Reyes*, 2020 WL 7224286, at *6 (finding amendment timely when "plaintiff filed this motion within three months of the filing of his original complaint and one month after service of notice of removal"); *Malijen*, 2020 WL

5

5934298, at *3 (finding that amendment was timely when "Plaintiff filed the motion to amend a mere four months after the filing of the initial Complaint and just one month after removal"). Accordingly, the Court finds amendment is timely and that this factor weighs in favor of joinder.

**D. Motive for Joinder**

While the § 1447(e) factors consider whether joinder is intended solely to defeat federal jurisdiction, defendants bear the burden of proving fraudulent joinder. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Further, "Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation Services, Inc.*, 125 F.Supp.2d 1008, 1012 (N.D. Cal. 2000).

Defendant avers that Desert Auto has been added solely to destroy diversity. "An examination of the Second Amended Complaint shows there are no substantive differences between it and the original Complaint … The complete lack of any factual information regarding Desert Auto, or its alleged conduct, demonstrates Plaintiff's clear motive: to divest this Court of its proper jurisdiction." (ECF No. 18 at 13.) As the second amended complaint adds only the thinly argued negligence claim, the Court agrees that defeating diversity appears to be Plaintiff's primary motive. *Compare Viveros*, 2021 WL 5989365, at *6 ("the circumstances suggest that Plaintiff's primary motivation in amending the Complaint was to defeat diversity jurisdiction. In particular, the FAC adds no new factual allegations apart from the negligence claim, which is alleged in somewhat threadbare fashion. Accordingly, this factor weighs against joinder."). Thus, the Court finds this factor weighs against joinder though it "is intertwined with the question of whether the claims against the new defendant appear valid" as discussed below. *Reyes*, 2020 WL 7224286, at *6.

**E. Validity of Claims Against Desert Auto**

"For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularly." *Reyes*, 2020 WL

7224286, at *8 (finding a negligent repair claim facially valid and ultimately granting joinder and remand).  Indeed, negligence claims against repairing dealerships have been found valid by a majority of courts.  *See, e.g.*, *Viveros*, 2021 WL 5989365, at *8 (collecting cases and finding a negligent repair claim facially valid, thus requiring remand).  While Defendant avers the claim is insufficiently pled (ECF No. 18 at 13), Plaintiff has provided enough information to create a facially viable claim given the low standard for claims under § 1447(e).  "To state a claim for negligent repair, a plaintiff need only establish the elements of a standard negligence claim: duty, breach, causation, and damages[,]" which Plaintiff has done here.  *Malijen*, 2020 WL 5934298, at *4.

Defendant further argues the claim is not facially valid due to the California economic loss rule, which requires a plaintiff to recover in contract for purely economic loss.  (ECF No. 18 at 13.)  "But California courts recognize an exception to the economic loss rule where the contract at issue was for services, rather than goods.  In such cases, a negligent failure to perform contractual duties competently may be both a breach of contract and a tort."  *Id.*, at *4 (internal quotations and citations omitted); *see also Reyes*, 2020 WL 7224286, at *9 ("California district courts have been virtually unanimous in rejecting the argument that a dealership that serviced the subject vehicle is fraudulently joined because the economic loss rule bars a negligent repair claim.") (internal quotation and citation omitted).  As this Court finds Plaintiff's claims against Desert Auto to be facially viable, this factor weighs in favor of joiner.  *See Malijen*, 2020 WL 5934298, at *4 ("Plaintiff thus alleges a facially valid negligent repair claim; the fifth factor weighs in favor of joinder.")

**F. Prejudice to Plaintiff**

Plaintiff would likely be prejudiced by having to bring litigation in two separate forums if Desert Auto is not joined to this action. *See Forward-Rossi*, 2016 WL 3396925, at *5, n.2. Thus, "[t]he final factor weighs in favor of joinder because if the Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against Defendant before

this Court and an action against [Desert Auto] in California state court." *Malijen*, 2020 WL 5934298, at *5 (internal quotation and citation omitted).

**G. Weighing the Factors**

Plaintiff's diversity-destroying motive for joinder and the fact that he is not time-barred from bringing a separate state claim against Desert Auto weigh against joinder. However, all other factors favor allowing the amendment to join Desert Auto in the instant action. Accordingly, Plaintiff's motion to amend his complaint and join Desert Auto is granted. As Desert Auto destroys complete diversity, Plaintiff's motion to remand to state court is also granted.

## IV.

## CONCLUSION & ORDER

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file a second amended complaint to join Desert Auto as a defendant. As joinder divests this Court of diversity jurisdiction, the Court grants Plaintiff's motion to remand. The Court orders this action be remanded to San Diego County Superior Court, where it was originally filed.

**IT IS SO ORDERED.**

Dated: August 20, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court